UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jose Armando Garcia Cabrera,<br><br>Plaintiff,<br><br>-v-<br><br>RLB USA Safety and Hardware Inc. and Mohammed Hossain,<br><br>Defendants. | 2:23-cv-05267<br>(NJC)(JMW) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, District Judge:

Plaintiff Jose Armando Garcia Cabrera ("Cabrera") brings this action against Defendants RLB USA Safety and Hardware Inc. ("RLB") and Mohammed Hossain ("Hossain," together "Defendants") for unpaid minimum wage and overtime wages under the Fair Labor Standards Act ("FLSA") of 1938, 29 U.S.C. § 201 *et seq.*, and New York Labor Law § 190 *et seq.* (Am. Compl., ECF No. 8.) For the following reasons, the Court dismisses the action with prejudice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

**PROCEDURAL HISTORY**

Cabrera initiated this action on July 10, 2023, by filing the initial complaint. (Compl., ECF No. 1.) On July 21, 2024, Cabrera filed a notice of voluntary dismissal as to RLB. (ECF No. 4.) On July 25, 2023, Cabrera's counsel submitted a letter stating that Cabrera did not want to discontinue the action and was unaware of any dismissal filing. (ECF No. 7.) On August 31, 2024, Cabrera filed the Amended Complaint against both defendants. (Am. Compl.) RLB was served on September 5, 2023. (ECF No. 9.)

On October 16, 2023, the Court struck Cabrera's notice of voluntary dismissal as moot in light of the filing of the July 25, 2023 letter and the Amended Complaint. (Elec. Order, Oct. 16, 2023.) Hossain was served on January 12, 2024. (ECF No. 10.) As of January 19, 2024, no counsel had entered an appearance on behalf of RLB, and RLB had failed to timely respond to the Amended Complaint. Thus, on that date, the Court ordered that any motion by Cabrera for default judgment must be filed by February 15, 2024. (Elec. Order, Jan. 19, 2024.)

On February 15, 2024, Cabrera's attorney filed a motion to withdraw as counsel. (ECF No. 11.) Counsel served the motion on Cabrera on February 20, 2024. (ECF No. 12.)

On April 19, 2023, Hossain filed a letter seeking confirmation that this matter is closed following the parties' out-of-court settlement. (ECF No. 13.) Hossain's letter indicated that this case, which involves claims brought under the FLSA, was settled out of court for $2,800 on July 21, 2023. (*Id.*)

On April 23, 2024, Magistrate Judge James M. Wicks granted Cabrera's attorney's motion to withdraw as counsel. (Elec. Order, Apr. 23, 2024; ECF No. 11.) Judge Wicks also stayed the case until May 23, 2024, so that Cabrera could obtain new counsel. (*Id.*) Outgoing counsel served that order on Cabrera and Defendants and filed proof of service on April 25, 2024. (ECF No. 14.)

Following the expiration of the stay, on May 28, 2024, the Court ordered Cabrera to show cause in writing by June 4, 2024, why the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) does not apply to the settlement of Cabrera's FLSA claims. (Order to Show Cause, May 28, 2024.) The Court directed the parties to appear for an Order to Show Cause hearing on June 11, 2024 to address Cabrera's response to the Order to Show Cause. (*Id.*) The Court also ordered Cabrera to update his address with the Court by June

11, 2024, and warned that failure to do so may result in dismissal for failure to prosecute under Rule 41. (Elec. Order, May 28, 2024.)

Cabrera failed to submit a response to the Order to Show Cause by the June 4, 2024 deadline. He also failed to update his address with the Court by the June 11, 2024 deadline.

Neither party appeared for the June 11, 2024 hearing on the Order to Show Cause. (Min. Entry, June 12, 2024.) As of the date of that hearing, no counsel had entered an appearance on behalf of RLB or Hossain. At the June 10, 2024 hearing, the Court found that Cabrera had failed to prosecute this action and indicated that it would issue an order dismissing the case pursuant to Rule 41(b). (Min. Entry, June 12, 2024.)

## JURISDICTION

The Court has federal question jurisdiction over Cabrera's FLSA claims pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Cabrera's state law claims pursuant to 28 U.S.C. § 1367(a). Venue is proper under 28 U.S.C. § 1391(b) because Cabrera was employed at Defendants' hardware stores located in this judicial district. (Am. Compl. ¶ 4.)

The Court has personal jurisdiction over RLB because it is a New York corporation, as alleged in the Amended Complaint. (*See id*. ¶ 6.) This Court has personal jurisdiction over New York residents. *See* 10A Charles Alan Wright & Arthur R. Miller et al., *Federal Practice and Procedure* § 1064 (4th Ed. 2020) (describing the defendant's residence in the forum state as one of the oldest bases of personal jurisdiction); *cf. Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (a court may assert personal jurisdiction over foreign defendants "when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State.") (quotation marks omitted). Additionally, RLB was properly served by service on the president of the company, who was authorized to accept service. (ECF No. 9.)

3

The Court has personal jurisdiction over Hossain because he has minimum contacts with New York. "Where the claim arises out of, or relates to, the defendant's contacts with the forum—i.e., specific jurisdiction is asserted—minimum contacts necessary to support such jurisdiction exist where the defendant purposefully availed itself of the privilege of doing business in the forum and could foresee being haled into court there." *See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 170 (2d Cir. 2013) (citation and brackets omitted). Under New York's long-arm statute, "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state . . . ." N.Y. C.P.L.R. § 302(a)(1) ("Section 302(a)(1)"). Jurisdiction under Section 302(a)(1) requires showing that "(1) [t]he defendant . . . transacted business within the state" and that "(2) the claim asserted . . . arise[s] from that business activity." *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006) (citing *McGowan v. Smith*, 52 N.Y.2d 268, 273 (1981)). The second prong of the test "does not require a causal link between the defendant's New York business activity and a plaintiff's injury," but "[i]nstead . . . requires 'a relatedness between the transaction and the legal claim such that the latter is not completely unmoored from the former, regardless of the ultimate merits of the claim.'" *Licci*, 732 F.3d at 168–69 (quoting *Licci v. Lebanese Canadian Bank*, 20 N.Y.3d 327, 339 (2012)). Here, the Amended Complaint alleges that Hossain owns, operates, "and/or controls" RLB, which is a New York corporation with multiple locations throughout New York and this judicial district. (Am. Compl. ¶¶ 6–7.)

## DISCUSSION

Before dismissing a complaint for failure to prosecute under Rule 41(b), a court must weigh five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Peters v. CBS Viacom*, No. 23-463-CV, 2023 WL 8270781, at *2 (2d Cir. Nov. 30, 2023) (citing *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014)). "Generally, no factor by itself is dispositive." *Id.* (citing *Baptiste*, 768 F.3d at 216). A court's "authority to invoke dismissal for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Peters-Turnbull v. Bd. of Educ. of N.Y.*, 7 F. App'x 107, 109 (2d Cir. 2001) (quotation marks omitted). "[D]ismissal is a 'harsh remedy to be utilized only in extreme situations . . . .'" *Sessoms ex rel. V.C. v. Comm'r of Soc. Sec.*, No. 21-CV-1788 (RPK), 2022 WL 511646, at *1 (E.D.N.Y. Feb. 21, 2022) (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). Unless the Court orders otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. Fed. R. Civ. P. 41(b).

"The duty to inform the Court and defendants of any change of address is an obligation that rests with all *pro se* plaintiffs." *Alomar v. Recard*, No. 07-CV-5654 (CS)(PED), 2010 WL 451047, at *2 (S.D.N.Y. Feb. 9, 2010) (quotation marks omitted). If a pro se litigant fails to keep the Court apprised of the current mailing address, "the Court may dismiss the action under Rule 41(b) [of the Federal Rules of Civil Procedure], for failure to prosecute." *Mercedes v. N.Y.*

*D.O.C.*, No. 12-CV-2293, 2013 WL6153208, at *2 (S.D.N.Y. Nov. 21, 2013) (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982)).

An analysis of the five factors here weighs in favor of dismissal with prejudice.

First, although Cabrera's failure to obtain new counsel and update his address are relatively recent, his failure to prosecute the case since filing the Amended Complaint at the end of August means that the case has been effectively stalled for ten months. *See Sessoms*, 2022 WL 511646, at *1 (finding delay favors dismissal where plaintiff has "stalled this case for nearly eight months" and noting that "courts have consistently found that delays in the range of five to six months counsel in favor of" dismissal) (collecting cases). Accordingly, this factor cuts for dismissal.

Second, on May 28, 2024, this Court issued an order warning Cabrera that failure to update his address by June 11, 2024 may result in dismissal for failure to prosecute. (Elec. Order, May 28, 2024.) As the Court warned that failing to comply may result in a dismissal, this factor cuts for dismissal.

Third, Defendants are unlikely to suffer prejudice because they have not appeared in the action and Cabrera's failure to prosecute suggests they are unlikely to be subject to default judgment. Accordingly, this factor cuts against dismissal.

Fourth, "[t]he interest in alleviating docket congestion" weighs in favor of "closing a case that has stalled for more than four months due to plaintiff's failure to comply with court orders . . . ." *Wilson v. Doe 1-4*, No. 21-CV-5170 (RPK), 2022 WL 2065030, at *2 (E.D.N.Y. June 8, 2022); *see also Sessoms*, 2022 WL 511646, at *2 (same for "a case that has stalled for nearly eight months). Cabrera's failure to prosecute this case means that nothing has happened in this case for ten months. Accordingly, this factor cuts for dismissal.

Fifth, the "Court has considered the efficacy of sanctions less than dismissal and has concluded that they are inadequate." *Vanterpool v. Blackman*, No. 12-CV-2961 MKB, 2013 WL 5973874, at *4 (E.D.N.Y. Nov. 5, 2013). "District courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record." *Id.* (quoting *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 148 (2d Cir. 2010) (quotation marks and brackets omitted)). Cabrera has failed to obtain new counsel and update the Court with his mailing address. This indicates that Cabrera has no intention of prosecuting this action further. Moreover, were the Court to issue another warning to Cabrera that his failure to update the Court with his mailing address could lead to dismissal of this action, Cabrera would not receive that warning because the Court lacks his contact information, which renders it impossible for the Court to contact him. Accordingly, this factor favors dismissal.

Because analysis of the Rule 41(b) factors counsels in favor of dismissal, the Court finds that dismissal for failure to prosecute is proper.

## CONCLUSION

For the reasons set forth above, the Court dismisses the Amended Complaint in its entirety with prejudice. (Am. Compl., ECF No. 8.) This case is closed.

Dated: Central Islip, New York
June 14, 2024

                                                 */s/ Nusrat J. Choudhury*
                                                 NUSRAT J. CHOUDHURY
                                                 United States District Judge